Opinion of
the Court.
THIS was an action of covenant, brought by Thomas Sanders against George Gully and Enoch Gully, upon a joint obligation. The writ was returned by the deputy sheriff of Madison county, where the suit was brought, “Executed on Enoch Gully; George Gully is not found, and he is no inhabitant of my bailiwick, I am informed.” Enoch Gully appeared and pleaded, and the suit was abated as to George Gully, by the return of the sheriff; after which, a verdict and judgment were rendered against Enoch Gully, to which he prosecutes this writ of error.
We are clearly of opinion that the return of the sheriff was not sufficient to abate the suit as to George Gully, or to authorise a separate proceeding against the plaintiff in error. Such a proceeding in a suit against several joint, or joint and several obligors, is authorised by the 6th section of the act to amend the law of proceedings in civil cases, where the sheriff or other officer shall return on any process against any of the defendants, that such defendant is not an inhabitant of his county; but the return, in this case, is not in the language prescibed by the act, nor is it in language of the same import. Bailiwick, in its proper signification, is that district or portion of a territory assigned to a bailiff, in which he is to execute process. As the whole county is by law assigned to the sheriff, in which he is to execute process, a return by the principal sheriff, that the defendant is not an inhabitant of his bailiwick, might be construed to be equivalent to a return that such defendant was no inhabitant of his county; but the deputy, though he may execute process any *425 where in the county, has frequently, by his contract with his principal, a part only of the county assigned to him, and it is only that part of the county which can, with any propriety, be said to be his bailiwick; for it is of that part only, of which he is the bailiff. A return, therefore, by him, as in this case, that a defendant is not an inhabitant of his bailiwick, cannot, by any rational construction, be made to signify that he is no inhabitant of the county. Besides, the return is defective in not stating the fact positively; for it is the duty of the sheriff to know who are the inhabitants of his county, and when he returns that a defendant is no inhabitant, he should do it upon his own knowledge, and not refer the court, as was done in this case, to the information of others.-Judgment reversed.